THE STATE OF DELAWARE *v.* ROGER M. GREGORY.

(*September* 26, 1928.)

·· PENNEWILL, C. J., RICE, HARRINGTON, RICHARDS and ROD-NEY, J. J., sitting. HARRINGTON, J., dissenting.

*Clarence A. Southerland*, Attorney-General, for the State.

*E. Ennalls Berl* and *Joseph Handler* for defendant.

Court in Banc, New Castle County, September Term, 1928. No. 39, November Term, Court of General Sessions, 1927.

PENNEWILL, C. J., delivering the opinion of the court:

The defendant has moved the court to quash the indictment on the ground that it fails to charge the commission of any crime under the laws of this state. The statute under which the indictment is drawn is *Rev. Code* of 1915, § 3439, the first paragraph of which is as follows:

"It shall not be lawful hereafter for any person or persons within the limits of this state, to promote, encourage, aid in, assist at, be engaged in, or hold the stakes to be paid on the determination of any prize fight between men, wherein or on the result of which any sum of money or thing of value is bet, or wagered, or dependent."

The indictment charges that the defendant—

"unlawfully did promote a prize fight between men wherein a sum of money was dependent, in this, that each of the said men so engaging in said prize fight was paid the sum of fifty dollars as a reward or prize for engaging in said fight, as he, the said Roger M. Gregory, then and there well knew."

Defendant's first contention is that the indictment is bad because it fails to state acts which constitute a prize fight within the meaning of the statute.

It is admitted that in most cases an indictment that follows the language of the statute which makes the act in question a crime is sufficient, but it is claimed that in this case the statement, that the defendant "unlawfully did promote a prize fight between men," etc., is not sufficient.

It is contended that the indictment must state not only the specific statutory offense, but also the facts that constitute the offense, so that the defendant may be clearly apprized of what he must meet, and the court may see that if the facts stated are true the offense charged has been committed. This contention is based on the theory that the crime charged is a conclusion from facts which make the crime.

It is true that in this case, as in every criminal case, the indictment must be sufficient to inform the defendant and the court of the offense the defendant is charged with having committed. That is the test generally recognized, and no elaboration of argument or citation of authorities is needed to support it.

Does the indictment before us meet this test?

If the statute had made it unlawful for any person to promote a prize fight in this state and the indictment had simply charged, in the words of the statute, that the defendant had promoted a prize fight at a certain time and place, could there be any doubt about the sufficiency of the indictment? We think not, and we say this because of the generally accepted meaning of the term "prize fight." The defendant could not mistake its meaning or fail to know what he was expected to meet at his trial. The words have a well-known definition and it would be difficult to add anything thereto by a statement of facts that would make their meaning clearer in popular understanding. Any one would know that the fight mentioned was one in which money or something of value was given or offered as a reward or prize for the contestants.

The statute upon which the indictment is based makes it unlawful for any person to promote in any way a prize fight

wherein or on the result of which any sum of money or thing of value is dependent. It is not claimed by the state that any stakes were held by the defendant to be paid on the determination of the fight, or that on the result whereof any sum of money or thing of value was wagered. The charge in the indictment is, that the defendant promoted a prize fight wherein a sum of money was dependent, contrary to the statute. And, to more clearly inform the defendant what the charge meant and what the state expected to prove, the indictment further alleged that each of the two men engaged in the fight was paid the sum of $50 as a reward or prize for engaging in the fight. If there could be any doubt about what was meant by the words "prize fight," that doubt was removed by the averment that each of the principals or contestants was paid a sum of money as a reward or prize for engaging in the fight. If the fighters were to receive money as a prize for engaging in the fight, it was unquestionably a prize fight and the defendant was sufficiently informed of the fact.

But the question remains, was it a prize fight wherein a sum of money was dependent?

We are not much impressed with the argument of the defendant based on the difference between a prize fight in 1861 when the statute was passed, and a boxing contest today. No doubt a prize fight 60 years ago was more brutal and dangerous than a boxing match today. But no matter what difference there might be we must assume that the legislature in passing the statute in question meant what its language clearly imports. If the fight the defendant is charged with promoting was a prize fight wherein or on the result of which a sum of money was dependent, it was in violation of the statute and unlawful, no matter to what extent the lives and persons of the contestants were safeguarded. The question is not whether the fight or contest was brutal and dangerous, but whether it was one wherein a sum of money was dependent. The law makes it unlawful for any one to promote a prize fight wherein a sum of money is dependent, *or* on the result of which a sum of money is dependent. It is not contended by the state that the money to be paid to the contestants was dependent on the re-

sult of the fight. The money, and the same in amount, was to be paid either as an incentive to engage in the fight, or in the settlement of bets on its result.

In ascertaining the meaning of the statute, it is obvious that much depends upon the grammatical construction and it is assumed that almost the controlling consideration is whether the word "dependent" relates to or modifies the word "wherein," or whether it can only be read in connection with the phrase "on the result of which." The solution of the question depends upon whether the word "wherein" and the phrase "on the result of which" are correlative, or whether they are independent one from the other. We are of the opinion that they are independent and that the word "wherein" refers to the fight itself and not to the result of the fight. If this be true, there can be nothing in the context which requires the restricted application or relation of the word "dependent" as contended for by the defendant. If two men are to be paid $50 to engage in an encounter, then the payment of such money certainly is dependent upon the fight itself and not on the result of the fight. It can scarcely be doubted that this construction carries out the evident intent of the lawmakers at the time of the passage of the act.

It is the opinion of the court that the motion of the defendant to quash the indictment should be denied.

HARRINGTON, J. (dissenting): What the statute prohibits is the promotion of a "prize fight between men wherein or on the result of which a sum of money or thing of value is bet or dependent."

As I view it, in order to constitute a prize fight within the meaning of this statute, there must be some element of chance or uncertainty in the compensation or reward to be received by the participants in such fight. *Equitable Loan & Security Co. v. Waring*, 117 *Ga.* 599, 44 *S. E.* 320, 62 *L. R. A.* 93, 97 *Am. St. Rep.* 177. See, also, *Century Dictionary*.

This construction is borne out by the application of the *ejusdem generis* rule as there is nothing to indicate that the general word "dependent" was not used in the same sense as the more specific

word "bet." *Lewis' Sutherland on Stat. Constr.*, §§ 422, 437; *Gibson v. Main*, 14 *Del. Ch.* 449 (minority opinion).

The indictment merely alleged that each of such participants was paid the sum of $50; my conclusion, therefore, is that it did not set out a violation of the statute, and that the motion to quash should be granted.

Having reached this conclusion, it is not necessary for me to consider any of the other arguments made by the defendant.